# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| JUAN GABRIEL AGUIRRE ALVAREZ, et al., | ) ) ) | |
| Petitioners, | ) ) | |
| | ) | No. 25-cv-12389 |
| v. | ) ) | |
| | ) | Judge Andrea R. Wood |
| RUSSELL HOLT, et al., | ) ) | |
| Respondents. | ) | |

## ORDER

At the 10/31/2025 status hearing, Respondents lodged their objection to the joinder in a single habeas petition of Petitioners respective claims seeking relief from their mandatory detention pending removal proceedings. The Court construes Respondents' objection as an oral motion to sever pursuant to Fed. R. Civ. P. 21. As the Court agrees that the claims of the two Petitioners are misjoined, that motion is granted. The Clerk is directed to sever the claims of Petitioner Susano Aguirre Rodriguez from the claims of Petitioner Juan Gabriel Aguirre Alvarez, open a new case with the caption "Susano Aguirre Rodriguez, Petitioner, v. Russell Hott, et al., Respondents" and assign a new docket number to Aguirre Rodriguez's severed claims, and directly assign the newly created action to Judge Andrea R. Wood. The Clerk is further directed to docket in the newly created action copies of the following six documents from Case No. 25-cv-12389: Petitioners' habeas petition [1], Minute Order dated 10/10/2025 [2], Respondent's status report dated 10/14/2025 [6], Respondents' response to the habeas petition [9], Petitioners' reply [10], and the parties' joint status report dated 12/1/2025 [12]. Upon Aguirre Rodrigeuz's payment of the $5.00 filing fee in the new action, his severed habeas claims will be treated as ripe for ruling. With respect to the present action as to Petitioner Aguirre Alvarez, proceeding under Case No. 25-cv-12389, his petition for a writ of habeas corpus [1] is granted. Within seven days of the entry of this order, Respondents shall either (1) provide Petitioner Aguirre Alvarez with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that he poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision. By 1/5/2026, the parties shall file a joint status report addressing Petitioner Aguirre Alvarez's release status, including confirming that he received a bond hearing and stating the result of that bond hearing. See the accompanying Statement for details.

## STATEMENT

Petitioner Juan Gabriel Aguirre Alvarez is a native and citizen of Mexico who entered the United States without inspection in 2002 and has resided here ever since. On October 9, 2025, Aguirre Alvarez was arrested and taken into custody by U.S. Immigration and Customs

Enforcement ("ICE"). In line with a recent decision issued by the Board of Immigration Appeals ("BIA"), *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), he has been detained without the opportunity to seek release at an individualized bond hearing before an Immigration Judge. For that reason, Aguirre Alvarez has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking this Court to find that he was unlawfully arrested, that Respondents' actions are unlawful under the applicable provisions of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment, and to order Respondents to release him. (Dkt. No. 1.) For the reasons that follow, Aguirre Alvarez's habeas petition is granted.

## I.

Aguirre Alvarez is a native and citizen of Mexico who entered the United States without inspection in 2002 and has been present in this country since then. (Pet. ¶¶ 1–3, 17, Dkt. No. 1.) On October 9, 2025, ICE affected a warrantless arrest of Aguirre Alvarez while he was in front of a residence in Bedford Park, Illinois. (*Id.* ¶¶ 5, 13–14.) Initially, Aguirre Alvarez was detained at the Broadview Detention Center in Broadview, Illinois. (*Id.* ¶¶ 6–7, 20.) He was detained at that facility when he filed the present habeas petition. (Resp'ts' Status Report ¶ 1, Dkt. No. 6.) Currently, Aguirre Alvarez is being detained at the Clay County Detention Center in Brazil, Indiana.

## II.

Based on *Yajure Hurtado*, Aguirre Alvarez has been deemed an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for release while he awaits removal proceedings. Accordingly, he has been denied a bond hearing before an Immigration Judge. In his habeas petition, Aguirre Alvarez contends that the BIA in *Yajure Hurtado* incorrectly interprets the relevant provisions of the INA and his detention is actually governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A). Detention is discretionary for aliens detained under § 1226(a), subject to exceptions for certain categories of "criminal aliens" not applicable to him. Aguirre Alvarez further argues that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Finally, Aguirre Alvarez claims that he was wrongfully arrested in violation of the settlement agreement in *Castañon Nava v. Department of Homeland Security*, 18-cv-3757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025).

This Court has previously confronted the same issues as presented in Aguirre Alvarez's habeas petition in *Ramirez Martinez v. Noem*, No. 25-cv-12029, 2025 WL 3145103 (N.D. Ill. Nov. 11, 2025). In granting relief in *Ramirez Martinez*, this Court determined that § 1226(a) governs detention pending removal proceedings of a noncitizen already residing in the country for an extended period and that such a noncitizen has a Fifth Amendment due process right to a bond hearing. To the Court's knowledge, with one exception, every other court in this District that has addressed those issues on the merits has reached the same conclusions. *E.g., Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025). *But see Cruz Rodriguez v. Olson*, No. 1:25-cv-12961 (N.D. Ill. Dec. 17, 2025). Respondents' brief in opposition to Aguirre Alvarez's petition acknowledges the many decisions rejecting their arguments against granting habeas relief to petitioners like Aguirre

2

Alvarez. Nonetheless, Respondents stand by those arguments and adopt as their opposition brief here an opposition brief they submitted in one of the other cases in this District raising the same challenges.

As an initial matter, pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Samuel Olson in place of Respondent Russell Hott,[1] as Olson has succeeded Hott in the role of ICE's Chicago Field Office Director. Further, because Aguirre Alvarez has been relocated and is currently detained at the Clay County Detention Center, the Court has added as a Respondent that facility's Jail Commander, Brandon Crowley. As the immediate custodians of Aguirre Alvarez, first, at the time of his initial detention at the Broadview Detention Center and, now, during his detention at the Clay County Detention Center, Olson and Crowley are the only proper Respondents here. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent [to a habeas petition] is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The remaining Respondents are dismissed.

Next, the Court finds that it has jurisdiction over Aguirre Alvarez's habeas petition. *See Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Subject-matter jurisdiction . . . is supplied by 28 U.S.C. § 1331, as any claim under § 2241 entails a federal question."). Specifically, none of the three statutory provisions cited by Respondents divests this Court of its jurisdiction. *See Ramirez Martinez*, 2025 WL 3145103, at *2–3. First, the Court's exercise of jurisdiction is not barred by 8 U.S.C. § 1252(g) because that provision "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). And Aguirre Alvarez does not challenge any of those specified actions. Second, while 8 U.S.C. § 1252(b)(9) limits judicial review of questions of law and fact "arising from any action taken or proceeding brought to remove an alien from the United States," that section does not preclude the exercise of jurisdiction over questions about whether "certain statutory provisions require detention without a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 292 (2018). And finally, 8 U.S.C. § 1252(a)(2)(B)(ii) does not apply because Aguirre Alvarez "does not challenge a discretionary bond denial by an [Immigration Judge] under § 1226(a)" but instead challenges Respondents' refusal to provide him such a hearing because he is subject to mandatory detention. *Ochoa Ochoa*, 2025 WL 2938779, at *4.

The Court also finds that, because Aguirre Alvarez's habeas challenge concerns whether he is subject to mandatory detention under § 1225 or discretionary detention under § 1226(a), the matter became ripe immediately upon his detention. *Ramirez Martinez*, 2025 WL 3145103, at *3. And moreover, the Court declines to require administrative exhaustion, as Respondents claim it should, since the BIA's decision in *Yajure Hurtado* shows that it has predetermined the statutory issue presented in Aguirre Alvarez's habeas petition and there is nothing to suggest that the BIA will change its position. *See id.* at *4; *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining that although the general rule calls for "parties [to] exhaust prescribed administrative remedies before seeking relief from the federal courts," exhaustion will be excused

---

[1] Hott was misnamed in the case caption as Russell Holt.

3

is where "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue").

Turning to the merits of Aguirre Alvarez's petition, the Court again reaches the same conclusions as it did in *Ramirez Martinez*. As to the statutory question, the Court finds that detention of a noncitizen like Aguirre Alvarez, who entered this country without inspection and has continuously resided here for an extended period of time since then, is governed by § 1226(a). *See Ramirez Martinez*, 2025 WL 314513, at *5–6. While Aguirre Alvarez falls within § 1225(a)(1)'s broad definition of "applicant for admission," § 1225(b)(2)(A) requires mandatory detention "in the case of an alien who is an applicant for admission" where the alien is also "seeking admission." The provision's use of the word "'seeking' implies action and [noncitizens] who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa*, 2025 WL 2938779, at *6. By contrast, there is nothing in the plain language of § 1226(a) that would exclude Aguirre Alvarez from its scope. And until only recently, the Government's practice was to apply § 1226(a) to noncitizens like Aguirre Alvarez. That "longstanding practice of the [G]overnment—like any other interpretative aid—can inform a court's determination of what the law is." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) (internal quotation marks omitted).

The Court further concludes that Aguirre Alvarez has a Fifth Amendment due process right to a bond hearing. *See Ramirez Martinez*, 2025 WL 314513, at *7. In determining whether a noncitizen's detention without a bond hearing violates his right to procedural due process, courts balance the following factors: "first, the private interest at stake; second, the risk of erroneous deprivation and the value, if any, of additional procedural safeguards; and third, the government's countervailing interests." *Miguel*, 2025 WL 2976480, at *7 (quoting *Simpson v. Brown County*, 860 F.3d 1001, 1006 (7th Cir. 2017)). All three factors weigh in favor of Aguirre Alvarez. First, his liberty is at stake. Second, there is nothing to indicate that he poses a danger to others, making the risk of erroneous deprivation of his liberty high. And third, holding a bond hearing does not impair the Government's legitimate interest in prompt execution of removal orders.

Finally, the Court declines to address Aguirre Alvarez's claim that he was wrongfully arrested in violation of the *Castañon Nava* settlement agreement. If Aguirre Alvarez believes that he is entitled to relief under the *Castañon Nava* settlement agreement, there is a process by which he may seek to join the class in that case. *See* Referral Form: Castañon Nava Settlement Violations, https://immigrantjustice.org/referral-form-castanon-nava-settlement-violations-formulario-de-remision-sobre-violaciones-del-acuerdo-castanon-nava/ (last visited Dec. 19, 2025). Such relief is properly addressed there rather than as part of this proceeding.

For the foregoing reasons, Aguirre Alvarez's petition for a writ of habeas corpus is granted. While Aguirre Alvarez seeks immediate release, the Court finds that the appropriate relief is to order a bond hearing for Aguirre Alvarez's removal proceedings. Thus, within seven days of the entry of this order, Respondents shall either (1) provide Aguirre Alvarez with a bond hearing pursuant to 8 U.S.C. § 1226(a), at which Respondents will have the burden of showing by clear and convincing evidence that Aguirre Alvarez poses a risk of flight or a danger to the community such that his detention is necessary, or (2) release him from custody under reasonable conditions of supervision.

Dated: December 19, 2025

Andrea R. Wood
United States District Judge

5